Case number 23.3142 Citizen for Constitutional Integrity v. Cadillac v. Census Bureau of Cadillac Mr. Pettinato for the Cadillac, Ms. Farr for the FOB Good morning, Council Mr. Pettinato, please proceed with your order Thank you. Good morning, Your Honor. My name is Jared Pettinato, and I represent Citizens for Constitutional Integrity With me at Council table is Dean Michael Meltzner, who served as counsel for the NAACP Legal Defense Fund in the Lankin v. Hirecase I reserve two minutes for rebuttal To enforce our sacred right to vote, Article III standing does not require proof of how the Census Bureau would apportion seats on remand No plaintiff in a malapportionment case has ever proven the apportionment that a legislature or an agency would do if the plaintiff prevailed in court The district court required that of citizens But it did that, although the Supreme Court rejected that argument directly in 1962 It held it would not be necessary to decide whether a plaintiff's repellent allegations will ultimately entitle them any relief in order to hold that they have standing to seek it The Baker v. Carr case Article III recognizes standing for malapportionment claims as long as the plaintiff presents an apportionment with a closer approximation to the legal requirements Citizens' calculations show that it's possible for them to obtain new seats, and that establishes their Article III standing So what would be the outcome if the court, you know, required that the report be withdrawn if the two votes are all conservative? Well, Your Honor, that's a good merits question, and that is a very good remedies question That parties would brief, that they would investigate the facts of how that would work And that's far down the line For now, as long as this court has the power on redressability, and as long as exercising that power has some possibility of giving citizens their seats back That satisfies the requirement of redressability And here, simply setting aside and vacating the report would require applying the 2010 Census And that would give New York and Pennsylvania their seats back No, I believe it would require defaulting back to the 2010 Census That is the action against non-smoking case That is the practice of this court, vacater, when a court sets aside under the Administrative Procedure Act 5 U.S.C. 7062 That requires the prior order to restore, to spring back into effect That is how vacater works There's a lot of sound in the interim, though, that's predicated on the apportionment that occurred That would be quite something to take us back to before any of this happened Yes, Your Honor, a lot of water has gone under the bridge We've been litigating this case as quickly as we can We could not bring it before the Census Bureau finished its apportionment We brought it after that, and we've been moving apace It's not uncommon in malapportionment cases for them to take a while The Supreme Court has voluminous malapportionment cases that are still ongoing They addressed some this term, they issued opinions last term But these are all ultimately remedies questions that we can address at that appropriate phase Let me ask, go ahead No, I was just trying to say, you seem to not believe that you had to put forward any facts with respect to New York or Pennsylvania Their voter registration, their ID requirements, and whether any of that was going to apply to the reduction clause So I'm just trying to get a sense, again, of your remedy, your outcome, with respect to this case Well, Your Honor, because we have proven a procedural right, and that arises from our zone of interest Arguably within the zone of interest of the statutes where our injury is We only have to prove some possibility that the remedy could restore and cure the injury And we have mathematical proof that if the Census Bureau did their reapportionment based on some analyses of the data That it could restore seats to New York and Pennsylvania, or both And that is what differentiates this case from the Cantor case, from the Franklin case, from even the Shero case Those situations did not have this mathematical proof, they did not establish the possibility that there was any possibility As I understand your cognition argument, the way it was articulated in the briefing as I conceptualized it It's the seat, because it's straightforward There's a report, and then at the end of the day, at least in two instances, we lost seats Exactly But would that be equally true if then there's a report, but then the legal wrong you're complained of If corrected by your own estimation, would actually result in a worse scenario This is all in some manner speculative, as in the Duke Power case, your honor And that is the Baker v. Carr case I'm trying to take it out of speculation, so I'm just saying, let's just suppose that you have a case Let's just take this case, suppose that you actually have evidence And you do the statistical analysis and your expert comes back and says If we assume the legal wrong to be what you assume the legal wrong to be Which is to say the Census Bureau was supposed to adjudicate whether motor ID laws are invalid And assimilate that into the report It turns out actually that the jurisdictions that you represent would be worse off Would you say that causation is still established because, look, all you need to know is There was a report, and after that report was filed, and an apportionment was done, we're worse off Yes, your honor, that is all that causation requires But for causation, the report caused the agreement that comes out of 5 U.S.C. 702 of the Administrative Procedure Act The data processing case, and the Ted Cruz for Senate case So even if correcting my information, correcting the legal wrong that you're complaining about Would put you in an even worse position, you can still say causation is established Well, we can't prove that it would put us in a worse position But I'm saying that's the only evidence you have If you do the report, you need to file it All that Article 3 requires is but for causation Whether the report caused our injury, and it did Here it is, it is undisputed that that's what it did Now if the Census Bureau undergoes this process, and it turns out that it hurts us That would be unfortunate, but that doesn't change our threshold, our ability to get over the threshold in court So you don't have to show that the legal wrong you complained of caused the... Correct, Your Honor, let's look at the, I think the Bluhahn case And the Brown case discuss procedural injury based on failure to complete NEPA when building a dam And the court said of course you have procedural injury, procedural right And you can challenge that because they didn't complete the environmental analysis So it could happen that when the agency goes back and analyzes the dam That it turned out worse for the plaintiffs They could end up taking the plaintiff's property to build the dam They were nearby, and that is entirely possible that it could work out worse But the Supreme Court did not, you know, recognize the procedural right As long as there is some possibility of a remedy Even if there is also a possibility that it might not turn out in your favor How do you articulate specifically the procedural right that we have here Given to you by either the statute or Section 2? So the zone of interest test gives us the procedural right That's the Pena case by this court, that's also the Lexmark case And we fall well within the zone of interest for Article 1 of the Constitution The 14th Amendment Section 2 for the Census Bureau statutes And for Section 209 that required the Census Bureau to perform all the constitutional requirements And references the 14th Amendment Section 2 specifically The procedure itself is the calculation of denials and abridgments Which the Census Bureau did not do, has never done And has stated in a letter to us that it would not do So that is the procedure that we are seeking And because we are within the zone of interest, that gives us this procedural right And the procedural right is what allows us the lower burden of proving redressability It also allows us a lower burden of causation We only need to prove that there are two connections And this is Your Honor's STP case, the Surface Transportation Board case from last year Where you have to prove two connections A connection between the agency, between the legal flaw and the agency action And between the agency action and the harm So that's another way to prove causation here There's really lots of ways to prove causation The District Court wanted us to prove it in a particular way But we think that we don't have to prove it in that particular way We could have proven it in lots of other ways Here the most straightforward, the easiest way to prove causation is but for causation But for the report, we would not have suffered this injury And that proves causation Even if the Census Bureau doesn't allocate the seats? Even if in the long run the Census Bureau doesn't allocate the seats We can't prove what they're going to do for the future That's the whole basis for procedural injury That's the Catch-22 from the trial case, from the Ogallala Suitcase that Chief Judge Garland ruled upon So that presents, if the agency doesn't do the analysis It's hard to prove the injury from the analysis that they didn't do And so you need to have some way to open that up And that's what this procedural rights do My colleagues, I don't have any more questions for you at this point All right, thank you, Your Honor May I please support Sarah Clark for the United States? Clayton has not met its standing burden Not only has it failed to grapple with the legal and practical barriers to its ability to obtain redress It also hasn't shown standing even within the four corners of its hypothetical scenarios So I just want to start with redress I mean, we just heard a lot about causation, and I have plenty of responses to that But I want to refocus on redressability Judge Childs, I think your question elicited a response that, you know This is really a merits question, you know Whether or not anything will happen in the real world, that's not for now And that's incorrect I think it's important that this court consider that the relief that Clayton has been asking for cannot redress its injury And I think it tries to run away from that analysis by saying we have a procedural right You just don't even need to think about it And obviously we disagree that there is a procedural right here And it's certainly not correct that you just ignore redressability I can just dig a little bit deeper on the procedural issue So why wouldn't drawing the report in the statement have some impact? A few reasons, Your Honor So for one, of course, even if the Census Bureau were to be faced with an order from this court that says the last report is invalid That doesn't mean that New York suddenly has an additional representative or that Texas's two additional representatives just walk out of the Capitol So there is no kind of real world effect in that sense And I would also point to the Supreme Court's decision in Franklin Their discussion of the kind of chain of causation between the Secretary's report and the President's statement So, of course, there they were observing that there likely was There was probably going to be, you know, if the report changed, the President's statement changed I just want to distinguish this case and say that it's far from obvious here Just because this is a different and more complicated issue This is not a kind of mechanical correction This is an intently judgment-laden analysis that plaintiff wants Census Bureau to engage in And I think that brings us back to the redressability All that might be true Those may be good arguments on the merits as to why you can't expect the Census Bureau to undertake the kinds of legal assessments That the theory would put forward But for purposes of standing, we have to assume the legal merits of the theory that's being put forward Yes, but you don't have to assume that the Census Bureau has authority that it doesn't have Or that the court can issue orders it doesn't have authority to issue So, for example, one sort of fact that plaintiff doesn't grapple with Is that the statute directs the Secretary to send the tabulation of total population in its report Not some sort of adjusted count So, setting aside the practical difficulties of gathering this information There are legal barriers as well And those are rightly considered in the redressability analysis, not just at the merits But for redressability purposes too, we assume that plaintiffs are going to win on the merits We assume that they're going to win on the merits But that doesn't mean that the court has any powers that plaintiff posits they might have There are still practical limits So, if a plaintiff were to come in and say, you know, I have an injury It will be redressed by you You know, I think I should be the Secretary of Defense My injury will be redressed when you enjoin the President to appoint me the Secretary of Defense I think it would be quite reasonable to say that's not redress We cannot So, even if you're right on your legal theory of you should be the Secretary of Defense That doesn't get you there And I think it's quite proper to consider that at the standing stage Even if it could also be relevant at the merits stage So, the district court can do any of this, right? The district court, right We're in the world of your scenarios accepting, you know, that the Census Bureau could do something of the nature you're asking Even though you haven't shown that you would be better off, that your injury has been caused by the report And I think, you know, they relied on a petition, but for many reasons, you know, it would be redressed by a different report So, they focused, I think, frankly on plaintiff's reliance on their scenarios that involve Wisconsin, right? So, plaintiff's theory, one of their theories is that voter ID requirements require adjustments to total populations because there are denials or restrictions They allege in their complaint, and they reiterated in argument in district court, that states other than Wisconsin have these offending laws and that adjustments would need to be made Their scenarios three and four, which are the only two that benefit the plaintiffs that they allege, the members that they allege are injured Include Wisconsin only They don't take into effect any other states And therefore, they tell us nothing, frankly, about what an apportionment might look like If voter ID laws across the country were taken into account So, there's just no way of knowing what would happen I think this court's decision in National Law Center versus Cantor is quite instructive That case involved a challenge to the Census Bureau's method for counting homeless persons during the census And the panel observed, you know, you haven't shown us that you would be better off if a count was done according to how you think it should be done And, in fact, you haven't said how you think you want it to be done anyway And that is also akin to plaintiff here They say, you know, we don't know how the Census Bureau should do this We don't know all the states that have denials or averagements That's the Census Bureau's problem And yet they want to take the position that they would be better off And that's exactly the argument that this court projected in Cantor I think that their response to that would be, right, when you don't have any idea how it's going to turn out We can't be expected to forecast the future And so, the Bureau, in our view, and the legal merits of which is yet to be tested, should have done X X was never done So, it's not incumbent upon us to say how the different outtakes were done We just have to point out that there's this flaw And that's enough to get them something Right, that's not enough to get them something Of course, that doesn't sort of free them from the requirements of showing Critical 3 standing And if it did, I think, you know, potentially the plaintiffs in Cantor could have done it in a different position We do expect plaintiffs to, you know, allege of the motion to dismiss stage and later prove that causation and redressability actually exist And I think you see in their briefs that they, you know, recognize that their scenarios don't really get them there That's, I think, why they lean so heavily on their procedural argument and on the argument that, you know, we can't possibly know Therefore, you should just say we have What if you had a situation in which the only, what the Census Bureau did is give a report that's blank And somebody wants to say, boy, that's not what you're supposed to do And then the report just stays the same because there's no change in it because the report just doesn't do anything If someone says, that's not what the report is supposed to do, it's supposed to do something I have no idea what the report would do if it were done I'm just telling you that a blank page is not important What would you say about causation and redress? Well, I guess one thing that I would find is just that it's not clear that we would be in the world of nothing changed Because the president has his own independent statutory obligation to transmit population totals and apportionment to Congress And that's actually quite, you know, certain Well, suppose the president just says, okay, I'm just, because the report is blank I usually rely on the report because the report is blank I'm just going to, you know, stand over the same stuff that was in place now That's important So And someone comes along and says, the president just relied on a blank piece of paper The paper had to have something on it And the challenge is, yeah, the paper had to have something on it And what would you say about causation and redress? Right, so setting aside maybe cause of action issues, I think a plaintiff would need to come in and say Census Bureau, if you had actually counted the total population of the states or, you know If you had actually put the total population of the states down on paper and passed that to the president We actually would have gained a record So they would show that there would be some sort of difference in the real world for them If the Census Bureau had complied with, you know, whatever plaintiff views its legal obligation to be in a given case So, I just wanted to emphasize that they do have to connect the challenge conduct to the injury So we don't agree with their suggestion that causation is satisfying just by saying, oh, the report said minus one They need to make a connection between what they're saying the Census Bureau has done wrong Which for them is not applying this judgment and their injury And the way they try to get out of that, obviously, is by saying procedural injury We don't have to do any of that And so I'll just say briefly, this is not procedural injury that triggers the sort of softened causation or redressability burdens They try to fit it into that framework by saying this is the process that the Census Bureau should have engaged in But the classic procedural injury is, you know, environmental impact report, letting me comment on our rule Things that are adjacent to the substantive decision Here they're challenging the substantive decision And if it were correct that sort of any process that a defendant does is sufficient to bring it in the more lenient procedural injury world I think all rapid cases are very different, including the Supreme Court's own cases, Franklin, Utah, this court's decision in Cantor I think those would all look different if the mere indication of a process was enough to bring it into that world Of course, we don't think that even if we're in the procedural injury world that they met that more lenient burden Because it's part of some of the redressability issues that we were talking about earlier You also suggest that they shouldn't be here anyway because Section 209 is not the developer property in that regard Right, so if we were to get to the cause of action issues, we don't think that they fit within that section at all They don't have a cause of action under Section 209 because they're not a person within the meaning of that provision And also because they're not challenging, they're not aggrieved by the use of any statistical method So that provision is just, they're not within it, they can't rightly bring a claim under it And it's designed for a totally different set of circumstances But you used onset too, which involved a state-run organization So there has been, I believe, a three-judge district court panel that rejected states' attempt to bring such a claim Saying you're not one of the listed persons So that's certainly one of their problems under Section 209 And then obviously they have the problem of not being aggrieved by the use of any statistical method I think there they would say we're challenging the report, the report is an activity, the activity is related to statistics And that's just not consistent with the plain meaning of the section I'm trying to understand who could ever bring Section 209 to court Let's suppose a state passes a law that says that anyone who's on food stamps can't vote Which is something that should be changed And so, let's say for the sake of hypothetical, Wisconsin passes that law And they're the only state to pass such a law And these plaintiffs bring the same lawsuit and say We know exactly how many people are on food stamps in Wisconsin There's a report that says this and that information But they claim to save the students' price They have stamping, they have redressability I think they would still have frankly the same redressability problems that go to the Census Bureau's ability To do this kind of analysis in the first place I think it would be best if I were out of science I could go to the Census Bureau I don't know how many people are on food stamps What about that? Well, that obviously wouldn't resolve the limits on their ability to transmit For one, it wouldn't resolve their limits on their ability to transmit information to the president They have to report on the total population Also, what plaintiff envisions, and I think even in that hypothetical What the plaintiff would be saying is The Census Bureau has an obligation to survey all 50 states Use its judgment to decide what state laws constitute abridgments or denial So maybe in this hypothetical, they would ultimately determine it was only this Wisconsin stamp law And then determine with precision how many people were subject to that So within the world of scenarios, Scenario 3, Scenario 2 I think a plaintiff in that situation would be better able to show If you only remove these people, recalculate, do you think we're better off? They would satisfy that graph But they still would not, I don't think, be able to overcome the broader issues With requiring the Census Bureau to do this If that's the scenario that would play out Then the case couldn't be exposed as an issue I think it still could be I think the causation and redressability inquiry I guess in that they examine the specific scenario Yes, I think that's a different sort of approach to it Obviously, we think both would be correct And both would be sufficient to keep the plaintiff standing Both being the sort of broader redressability problems And the specific Right, and versus the specific What have you alleged? We see that that isn't even enough taken at face value To get you over the causation and redressability Handled better in a different case Could be handled more precisely That's obviously not what we have here Because they haven't even kind of narrowed the analysis sufficiently I guess I'm beyond confused But you're saying that even in the hypothetical Where everyone from SAMHSA sees this That there will be no redressability In a suit brought against the Census Bureau I think that's correct That's not to say that there is no Redressability case, yes I'm not sure, Your Honor It's not clear because of the way that the production laws And the statutory scheme exist There is no obvious answer to that question I have a problem when you make an argument That with respect to a specific constitutional provision You can't articulate to me How any plaintiff will ever have standing to enforce Well, enforce it is a different question, right? One of the issues is who is the correct defendant? And of course, this court doesn't need to go so far It doesn't need to sort of have a sweeping theory Of the reduction clause And who might be able to bring a case It's sufficient to say that this plaintiff here Has not satisfied the requirements of standing And we don't know if anyone else We don't know what circumstances might be sufficient But this plaintiff has not met the requirements of article 3 We don't know what defendant could redress But we don't know what government We could provide to address this specific constitutional provision In the text Well, again, I don't know that this court needs to Opine on that necessarily Or to speak categorically on that issue I mean, what we have before us is But it's relevant to whether we should agree with you With respect to how to bring What the Census Bureau's powers are What our powers are What we in order to do So I guess another way to look at that issue Could be through the lens of, I guess, timing Really timing in relation to the power of the Census Bureau So to contrast in, say, Franklin, Utah Some of these other cases Those cases were resolved before the new apportionment took effect So I think that's another sort of barrier to redressability here That I wasn't sort of emphasizing enough earlier That, I think, also would be sort of sufficient To block redressability And would not require sort of opining more broadly On the scope of the Census Bureau's authority I think the bottom line, though, is Plaintiffs can't obtain the relief that they're asking for They can't get redress for the injury that they have asserted and relied on And so there's just no argument-free controversy here We can assume that you're wrong on all your broader arguments About redressability vis-à-vis the Census Bureau And still affirm on the district court's rationale Which is to say, yeah, you can bring it to suit against the Census Bureau Yes, suppose the state adopts a full tax And the whole purpose of the full tax is the purpose of the full tax And there should be some reduction as redress for the full tax But if you have a plaintiff who Steve, who's showing, suffers from the same flaw That the district court identified It may well be that the theory could still work It could still be against the Census Bureau It could still go forward But if the proof isn't there That they'd actually be better off The scenario that we have to have in which they'd be better off And the district court's rationale would be not to carry the case That's correct That certainly would be sufficient to affirm the district court's decision Here, I mean, we would obviously suggest that the court shouldn't apply, you know, in grace Plaintiffs' theory that the Census Bureau is the correct Entity to see even in that sort of more limited decision But I agree with your honor That would be sufficient to affirm the dismissal on standing grounds of plaintiffs' theory The reduction clause says that a person that shall be reduced doesn't say who And then there's no enabling statute with respect to this Exactly There's no constitutional There's no language in the reduction clause or in any statute that assigns this responsibility To any particular government actor And you're not taking a position on who that government actor is Correct But, you know, it was 850 plus years later We still don't know That's correct, your honor To the extent it's any, you know, comfort I don't want to take myself too far off course But I think what we know from the history is that To the extent the original, the drafters of the 14th Amendment had a vision about who would do this They thought that it would be Congress Of course, again, that is sort of aside from But Congress can't do anything about that I mean, when the 18th Census, 17th Census They talk about it in briefs I don't know if anyone was attached to the briefs in the actual form But the actual forms that the census takers used You know, had a column where they asked them not to do this Like we're going to do for the student loan  It asks, you know, has your right to vote changed? Right Well, we didn't even really Like tell our people to ask that Because we felt like we couldn't really communicate You know, whether somebody's right to vote had been British or not And so we just didn't even really collect the information And I think that Maybe it was randomly done in some places But not systematically done As far as I know That one time in 1870 Was one of the only times the census system asked the question Right, I think that history just underscores Sort of the lack of fit between what plaintiffs want And what the Census Bureau does and can do I mean, again, I think Congress envisioned that it would be the one making the changes And it's one attempt to sort of do this through the census Was not successful So I think that The Census Bureau doesn't Every once in a while it's supposed to be counting So who better to count How many of the everyone's Were denied their right to vote Right, the Census Bureau is certainly the expert at counting The number of people in the United States They're not the expert at evaluating voting rights law Or voting rights violations As the Census Bureau informed plaintiffs Before the suit even started Talk to the Department of Justice Talk to the Civil Rights Division They're the kind of experts in terms of voting rights violations So that's not something that the Census Bureau does Or is well-positioned to do at all They count the total number of people in the United States And that's what they transmit, of course, to the President What they send along their population So we should just kind of deduce that Is this more of a ministerial act And just count them before it Don't do anything else I guess I don't I'm not saying necessarily that it's ministerial But I don't think anything would hinge on that Sort of difference in this case I'm just saying the type of tasks that they do Is very, very different from the type of tasks That a plaintiff thinks they should be engaging in Any questions? Thank you, counsel We have two minutes for our vote Thank you, Your Honor There's a lot there I'm going to try to cover as much as I can First of all, this is what the framers said About whose responsibility it is The census taker will find it necessary To ascertain who were capacitated to vote That is the Congressional Globe 39th Congress, first session On page 29 of our reply This is the Constitution That we are expounding upon And that is an important obligation That the framers have signed In passive voice So that they can make sure that everybody Had a responsibility to implement it Shall be reduced Is passive voice In the Bart Weiler case The Supreme Court said that means The actor is not quite important And there, the framers were intending A broad implementation Of the 14th Amendment Section 2 So the Census Bureau Recognized themselves in 1870 That it was their obligation And they have not done it In 150 years We've proven That it would change seats That there is some possibility That it would change seats And the District Court never addressed that possibility They never looked at our procedural rights To figure out if that was enough I expect because they knew that was enough They didn't look at it Because they made logical fallacies They said, oh, the only procedural rights Are public participation rights And we know that from the Summers case But that's not accurate Because the Japan Whaling case Is a procedural right that the Luhan case Recognized And in that case The Secretary of Commerce Was deciding whether to Issue sanctions Against Japan There was no conceivable Public participation In that So the District Court is wrong on its procedural right And so there's really On whether we have procedural rights And we've proven at least some possibility It's possible also That the abridgment I see them over time That the abridgment and the denials that we've identified Are maybe the only ones that the Census Bureau will do We don't know, but that's possible We have a blank sheet of paper I see them out of time Your Honor Your Honor to speak The Supreme Court recognizes that we all took oaths To support, to protect, and defend the Constitution Despite political thickets And mathematical quagmires We request the Court to reverse And to abandon the case for further proceedings Thank you, Counsel Thank you to both Counsels Thank you
judges: Srinivasan, Wilkins, Childs